UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL W. MATTINGLY, et al.,

    Plaintiffs

v.

HUMANA HEALTH PLAN, INC., et al

    Defendants.

Case No. 1:15-cv-781

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This action is now before the Court on Defendants Humana Health Plan of Ohio, Inc., Humana Health Plan, Inc. (collectively "Humana"), the Procter & Gamble Company ("P&G") and The Procter & Gamble U.S. Business Services Company ("USBS") motion to dismiss the Second Amended Complaint ("SAC") and the parties' responsive memoranda.

**I. Background and Facts**

This action is brought on behalf of Plaintiffs, Michael and Myles Mattingly ("Plaintiffs"), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs seek to recover medical benefits pursuant to the terms of a P&G Healthcare Plan, specifically The Procter & Gamble Health Long-Term Disability Plan ("the Plan"), and under 29 U.S.C. § 1132(a)(1)(B)/ERISA §502. Plaintiffs seek these remedies, plus prejudgment interest, post judgment interest, Plaintiffs' costs and attorney fees, pursuant to 29 U.S.C. § 1132(e)(1) and (g)

Plaintiffs initially filed this lawsuit in an Ohio state court. The Complaint asserts two causes of action: (1) breach of contract and (2) bad faith. (Doc. 8, ¶¶ 15–27.) Defendants removed the case on December 9, 2015, by invoking this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441.2 (*See* Notice of Removal, Doc. 2). According to Humana, both of Plaintiffs' state law claims relate to benefits allegedly due under the Plan. Plaintiff Michael Mattingly alleges that he is a member of the group plan sponsored by his employer, The Procter & Gamble Company ("P&G"). (Compl. ¶ 8.) Plaintiffs allege that the plan provided insurance coverage for Michael Mattingly's son, Myles. *Id.* ¶¶ 10–11. Plaintiffs further allege that—from approximately June 17, 2013, to March 14, 2014—Myles received various medical services, and incurred medical expenses. Id. ¶ 12. Plaintiffs claim that these services were covered by the terms of the plan, but that Defendants denied coverage. *Id.* ¶¶ 14, 17.

Thereafter, Humana moved to dismiss the Complaint based on preemption, explaining that the Plan at issue was governed by ERISA's comprehensive enforcement scheme. (Doc. No. 10.) Plaintiffs then sought leave to file an amended complaint to add various ERISA causes of action. (Doc. 13.) The Court issued an Order granting in part and denying in part Plaintiffs' motion for leave to amend. (Doc. 17.) The Court denied the motion with respect to the claims for breach of contract and bad faith. *Id.* at 5–6. However, the Order determined that, because leave to amend shall be freely granted, it was not the appropriate time to consider Humana's other ERISA arguments. *Id.* The Court ultimately permitted Plaintiffs to file an additional amended complaint "to add proposed claims under ERISA, as well as additional supporting factual allegations*." Id.*

2

After the Court issued its Order, Plaintiffs filed an Amended Complaint (Doc. 19), and then a second amended complaint naming certain P&G entities as defendants. (Doc. 36). The SAC alleges that the Plan provided health insurance coverage for Michael Mattingly's son, Myles. (Doc. 37, ¶¶ 5–6). Plaintiffs further allege that—from approximately June 17, 2013, to March 14, 2014—Myles received various medical services, and incurred medical expenses. Id. ¶¶ 11, 21, 31. Plaintiffs claim that these services were covered by the terms of the Plan, but that Defendants denied coverage. Id. ¶¶ 13–15, 23–25, 33–35. The SAC also adds various ERISA claims for the alleged breach of fiduciary duties, withholding of plan documents, and denial of benefits. *Id.* ¶¶ 11–55.

Humana, P&G and USBS now move to dismiss the Second Amended Complaint ("SAC") in its entirety. (Doc. 44).

**II. Analysis**

*A. Standard of Review*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations*. Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule

3

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

    *B. Applicable Law*

ERISA is a federal law that regulates employee benefit plans. 29 U.S.C. §§ 1002-1461. "Congress enacted ERISA to 'protect... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting 29 U.S.C. § 1001(b)) (alteration and ellipses in original). The statute seeks "to provide a uniform regulatory regime over employee benefit plans." *Davila*, 542 U.S. at 208, 124 S.Ct. 2488. To promote that uniformity, ERISA contains a broad preemption provision that "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" falling within the regulatory scheme. 29 U.S.C. § 1144(a). The "employee benefit plans" referred to therein include those plans, funds or programs established or maintained by the employer or an employee organization, or both, for the purpose of providing its

participants or beneficiaries, among other benefits, "medical, surgical, or hospital care or benefits," "apprenticeship or other training programs," and "pension" or "retirement income." 29 U.S.C. § 1002(1)-(2).

C. *Breach of Loyalty and Fiduciary Duties and Failure to Provide Plan Documents*

Defendants argue that Plaintiffs' claim for breach of fiduciary duty is barred as a matter of law, because Section 502(a)(1)(B) of ERISA would provide identical relief. In *Wilkins v. Baptist Healthcare Systems, Inc.*, 150 F.3d 609, 614-615 (6th Cir. 1998), the Sixth Circuit cited *Varity Corp. v. Howe,* 116 S. Ct. 1065 (1996) when it held that, "where an adequate remedy exists for a benefits claim under ERISA, ancillary claims asserting breach of fiduciary duty must be dismissed." See also *Rochow v. Life Insurance Co. of North America* ("*Rochow II*"), 780 F.3d 364, 2015 WL 925794 (6th Cir., March 6, 2015)("A claimant can pursue a breach-of-fiduciary-duty claim under §502(a)(3)…only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under §502(a)(1)(B) is otherwise shown to be inadequate.").

Here, Plaintiffs' breach of fiduciary duties claim relates to the denial of medical benefits. As such, ERISA offers an adequate remedy—i.e., a § 502(a)(1)(B) claim seeking to recover denied benefits. Therefore, Plaintiffs' sole remedy is pursuing a claim under § 502(a)(1)(B). *Rochow*, 780 F.3d at 373 (finding that because the plaintiff "was able to avail himself of an adequate remedy for [the defendant's] wrongful denial of benefits pursuant to § 502(a)(1)(B), he cannot obtain additional relief for that same injury under § 502(a)(3)"); *Bumgarner,* 2015 U.S. Dist. LEXIS 81912, at *14 (Bowman, Mag. J.) (dismissing a breach of fiduciary duty claim that "merely reflect[ed] a desire to

5

reverse the ancillary effects of the original denial of benefits, which constitutes a single injury"), adopted over objection by 2015 8 U.S. Dist. LEXIS 82148 (Dlott, J.).

In light of the forgoing, Plaintiff's breach of fiduciary duty claim is properly dismissed.

Next, Defendants contend that Plaintiffs' claim for failure to provide Plan documents also fails as a matter of law. Notably, the SAC asserts claims pursuant to § 1132(c)(1)(B), which are based on allegations that Defendants failed to give Plaintiffs certain ERISA plan documents upon request. Section 1132(c)(1)(B) requires a plan administrator to provide "information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . ." Furthermore, section 1024(b)(4 requires an administrator, "upon written request of any participant or beneficiary, [to] furnish a copy of the latest updated summary plan description . . . or other instruments under which the plan is established or operated." Failure to furnish this information within 30 days may subject a plan administrator to liability for statutory damages under § 1132(c)(1)(B).

With respect to this claim, Defendants first contend that the SAC's denial of plan documents claims fail because Humana and P&G cannot be liable to Plaintiffs under the statute. Section § 1132(c)(1)(B) applies only to a certain type of administrator known as a "plan administrator." *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001) ("The law in [the Sixth] Circuit is clear that 'only a plan administrator can be held liable under section 1132(c).'") (quoting *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992)). Neither Humana nor P&G were plan administrators in

6

this case. Rather, Humana acted as a "claims administrator," and P&G acted merely as a "plan sponsor."

In this case, P&G acted only as a plan sponsor. The Plan specifically provides that P&G's Board of Directors was to designate a plan administrator (Doc. 44, Ex. A §§ 2.24, Art. VIII), which Defendants' counsel has identified as USBS (Pls.' Mot. for Leave at 1). Because the Plan provides for USBS to be designated in the role of plan administrator, P&G cannot be liable under § 1132(c)(1)(B). Therefore, Defendants contend that Plaintiffs' request for plan documents claims against Humana and P&G should be dismissed.

Defendants further assert that Plaintiffs' § 1132(c)(1)(B) claims also fail because the SAC lacks sufficient factual allegations to state a claim upon which relief may be granted. Based on the plain language of the statute, requests for plan documents must be made "in writing," by a "participant or beneficiary." Here, Plaintiffs have failed to allege that the request was made in writing by a participant or beneficiary. Moreover, Plaintiffs did not dispute this argument in their response to Defendants motion to dismiss.

Accordingly, the undersigned agrees that this claim should be dismissed.

*D. Denial of Benefits Claim*

Defendants argue next that Plaintiffs' denial of benefits claims fail as a matter of law. In this regard, Defendants contend that the SAC lacks sufficient allegations regarding exhaustion of administrative remedies and/or Plaintiff's fail to exhaust their administrative remedies. Defendants' contentions are not well-taken.

7

"The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991). The Court of Appeals based its decision on 29 U.S.C. § 1133(2) which states that "[e]very employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id.*

The rationale underlying the exhaustion requirement is that "review or exhaustion enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Ravencraft v. UNUM Life Ins. Co. of Am.,* 212 F.3d 341, 343 (6th Cir.2000) (citations omitted). *See also Wilczynski v. Lumberman's Mut. Cas. Co.,* 93 F.3d 397, 402 (7th Cir.1996) (exhaustion of administrative remedies enhances the ability of plan fiduciaries to expertly and efficiently manage their plan by preventing premature judicial intervention and assists the courts by ensuring that a plaintiff's claims have been fully considered by plan fiduciaries). The exhaustion requirement also gives effect to Congress' apparent intent, in mandating internal claims procedures, to promote consistent treatment of claims, to provide a non-adversarial dispute resolution process, to decrease the cost and time of claims settlement, and to minimize frivolous lawsuits. *Wilczynski,* 93 F.3d at 402 (*citing Powell v. AT & T Communications, Inc.,* 938 F.2d 823 (7th Cir.1991)).

Defendants contend that Plaintiff's SAC fails to contain sufficient factual allegations of exhaustion. Defendants further allege Plaintiff failed to complete the

entire process required for exhaustion of administrative remedies under the Plan. The Plan provides in pertinent part:

> **Appeals**
>
> The Trustees or Plan Fiduciary has the discretionary authority to interpret the terms of this Plan, to determine the facts underlining any benefits claims, and to determined eligibility for and entitlement to Plan benefits in accordance with the terms of this Plan. …
>
> \*\*\*
>
> **Appealing a Denied or Reduced Claim for Medical Benefits**
>
> The reason your claim was denied or benefits reduced is indicated on the Explanation of Benefits, (EOB) that you received from your Medical Carrier.  You have the right to appeal a claim denial or payment reduction if you feel that the reasons for the denial or reduction are not valid.  Your first step is the call the Medical Center customer service line to attempt to resolve any differences. This initial call does not qualify as an appeal.  If you are not satisfied with the resolution of our call, you should file an appeal in writing to the Medical Center.
>
> \*\*\*
>
> If you are not satisfied with the outcome of your first written appeal, you ***may*** file a second written appeal with the Medical Carrier.
>
> Those involved in the first appeal will not decide the second appeal.  In this letter, you should describe the problem in detail, and attach copies of any documents you have concerning your case.  You will be notified of the decision concerning your appeal.

(Doc. 22, Ex. 2, at p. 76)(emphasis added).

Here, the SAC plainly states Humana wrongly denied benefits to Plaintiffs for medical treatment that occurred between June 17, 2013 and March 14, 2014. (Doc. 37). Plaintiffs' SAC also asserts that "Plaintiffs have completed all steps required to the filing of this complaint under the Plan and ERISA, including an internal appeal of the denial of medical benefits pursuant to 29 U.S.C. §1133." Not only have Plaintiffs' adequately

9

alleged exhaustion of administrative remedies, Plaintiffs have exhausted all necessary administrative remedies.

Plaintiffs filed an appeal of Humana's decision to exclude coverage for services for Myles Mattingly, in writing, with all necessary information on December 22, 2013. Plaintiffs' received Humana's final internal adverse benefit determination dated April 16, 2014. Based on Plan documents, namely the 2010 Summary Plan Description, which is the only full Plan Description provided by Defendants, Plaintiffs were required to file one initial appeal, thus the administrative conditions precedent were met.

Defendants, however, assert that Plaintiffs were required to file a second appeal to fully exhaust their administrative remedies. Contrary to this assertion, the Plan expressly states that a participant "*may* file a second written appeal." (Doc. 44, Ex. 2 at 76). There is no indication from the Plan documents that a second appeal is *required*. Accordingly, the undersigned finds that Plaintiffs second amended complaint contains sufficient factual allegations to state a claim for wrongful denial of benefits under § 502(a) of ERISA against USBS.[1]

---

[1] "The proper defendant in an ERISA action concerning benefits is the plan administrator." *Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016)(quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522 (6th Cir. 2010)). Here, the Plan specifically provides that P&G's Board of Directors was to designate a plan administrator (Ex. A §§ 2.24, Art. VIII), which Defendants' counsel has identified as USBS.

**IV. Conclusion**

For these reasons, it is therefore **RECOMMENDED** that Defendants motion to dismiss the second amended complaint (Doc. 44) be **DENIED in part,** with respect to Plaintiff's claim to recover benefits under § 502 against USBS, and **GRANTED** as to the remainder of Plaintiffs' asserted claims.  Thus, Defendants Humana Health Plan of Ohio, Inc., Humana Health Plan, Inc. (collectively "Humana") and the Procter & Gamble Company ("P&G") should be dismissed from this action.

                                            */s Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL W. MATTINGLY, et al.,

      Plaintiffs,

      v.

HUMANA HEALTH PLAN, INC., et al

      Defendants.

Case No. 1:15-cv-781

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).